**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Apollo Corporation, a
Minnesota Corporation,

Plaintiff,

v.

Mastercare Patient Equipment, Inc.,
a Nebraska Corporation,

Defendant.

Civil No. 02-390 (DWF/SRN)

**ORDER**

---

Jeffer Ali, Esq., and Rebecca A. Bortolotti, Esq., Merchant & Gould, 80 South Eighth Street, Suite 3200, Minneapolis, MN 55402, counsel for Plaintiff.

John D. Sear, Esq., and David S. Miller, Esq., Bowman & Brooke, Suite 2600, 160 South Fifth Street, Minneapolis, MN 55402; and Kent R. Erickson, Esq., and Gerald M. Kraai, Esq., Shughart Thomson & Kilroy, 12 Wyandotte Plaza, 120 West 12th Street, Kansas City, MO 64105, counsel for Defendant.

---

This matter is before the Court pursuant to the Defendant's request for a one-week extension to serve its reply brief in support of its motion for partial summary judgment. That motion was received via facsimile on March 20, 2003. Plaintiff opposes that motion. In addition, on March 25, 2003, the Defendant filed a motion to extend the page limits for this same reply brief.

Based upon the submissions and arguments of counsel, the Court having reviewed the contents of the file in this matter, and being otherwise duly advised in the premises, the Court hereby enters the following:

MAR 2 7 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

1. Defendant's motion and request for an extension to file the reply brief (Doc. No. 38) to March 28, 2003, is **GRANTED**.

2. Defendant's motion and request to extend the page limits by seven pages for the same reply brief (Doc. No. 41) is **DENIED**.

Dated: March 27, 2003

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

**Defendant's Motion for an Extension of Time**

Without agreeing or disagreeing with either party's position in this matter, the Court has granted the Defendant's motion, finding no prejudice to the Plaintiff. The Court concurs with Plaintiff's view that only compelling circumstances should entitle a party to an extension; otherwise, meaningful compliance with scheduling deadlines is rendered purposeless. However, the Court makes its decision based upon the absence of prejudice.

Both parties have made suggestions about the deliberateness of the conduct of the other. Regardless of whether the Defendant's or the Plaintiff's characterization of the scheduling dispute is correct, this matter should not be before this Court. It is the rare case where lawyers are unable to resolve such issues, and it appears to the Court that one or both parties are not proceeding in a reasonable fashion.

With this in mind, the Court expressly reserves the right to evaluate the procedural posture of the case and the conduct of respective counsel as the case moves forward to determine whether each party has represented its respective position in good faith to the Court. In the event that the Court concludes at a later time that the issues before the Court were precipitated by the pretrial strategy or tactics of one of the parties, the Court, of course, will not hesitate to award attorney fees and costs.

**Defendant's Motion to Exceed Page Limits by Seven Pages**

As the Court was preparing its response to Defendant's first motion, Defendant submitted its second motion, essentially asserting that the Defendant needed an additional seven pages to complete the reply memorandum. That motion was received by this Court on March 26, 2003. For reasons unclear to this Court, Defendant did not fax that motion to the Court's chambers in St. Paul; rather, the motion was hand-delivered to the Clerk's Office in Minneapolis on March 25, 2003, then sent by the Federal Court's courier to the Clerk of Court in St. Paul, where it was ultimately received by the Court. The Court finds that the Defendant's request is untimely, especially when the Court considers that Defendant's counsel had evaluated the need for additional time to submit the reply brief just a few days before, and should have considered the necessity for a page limit extension at that time.

For the reasons stated, Defendant's request to exceed the page limits for their reply memorandum is respectfully denied.

D.W.F.