**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| APOLLO CORPORATION,<br>a Minnesota Corporation<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARE PATIENT EQUIPMENT, INC.,<br>a Nebraska Corporation<br><br>Defendant. | Civil Action No. 02-390(DWF/SRN)<br><br>**SECOND AMENDED STIPULATED PROTECTIVE ORDER** |

To facilitate discovery and protect, pursuant to Federal Rule of Civil Procedure 26(c), the confidentiality of and rights to information and documents disclosed in connection with this litigation, the parties hereby stipulate to the following:

1. ***Applicability of This Protective Order.*** All information, things, and documents filed with the Court or produced by any party or non-party in discovery in this action shall be governed by this Protective Order.

2. ***Use of Information Produced Pursuant to This Order.*** Information and material produced or exchanged in discovery in this case and designated by a party or non-party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order (hereafter referred to as "Confidential Material") shall not be made available to any person or entity except as authorized under this Protective Order. Confidential Material shall be used by the party or parties to whom such information is produced solely for the purpose of litigating this case. Such information shall not be used by or disclosed to any person or entity other than the receiving party for any use or purpose, unless

FILED MAY
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

such use or disclosure is authorized by this Protective Order, otherwise agreed in writing by the producing party, or ordered by a court. For the purposes of this Protective Order, the party or non-party designating information or material as Confidential Material is referred to as the "Designating Party." Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Confidential Material for any purpose.

3. ***Confidential Information Designation.*** A party or non-party may designate as "CONFIDENTIAL" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action and is or contains confidential research, development, or commercial information of the Designating Party.

4. ***Highly Confidential Designation.*** A party or non-party may designate as "HIGHLY CONFIDENTIAL" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action and is, contains or relates to sensitive financial and technical information, including but not limited to, trends and projections, marketing strategy and associated information, and technical product information.

5. ***Attorneys' Eyes Only Designation.*** A party or non-party may designate as "ATTORNEYS' EYES ONLY" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action and is, contains or relates to highly sensitive sales or financial information.

6. ***Designating and Marking Confidential Material.*** Confidential Material shall be designated and marked as follows:

a. A document is to be designated as Confidential Material by stamping or writing on it one of the following legends, or an equivalent thereof: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY." Whichever legend is used

shall be placed on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

b. Information or material produced in a magnetic medium (such as floppy diskette or tape) is to be designated as Confidential Material by marking or labeling the medium or medium container with one of the legends specified in subsection 5(a) above. If any person or entity who receives such a designated magnetic medium prints or otherwise transfers to another medium any of the information contained on the magnetic medium, any resulting document or other medium shall be marked by the person or entity producing such copy as Confidential Material in accordance with the marking on the medium or medium container.

c. A physical exhibit is to be designated as Confidential Material by affixing to it a label with one of the legends specified in section 5(a) above.

d. A discovery response is to be designated as Confidential Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Confidential Material, one of the legends specified in subsection 5(a) above.

e. Portions or the entirety of a deposition transcript (including exhibits) are to be designated as Confidential Material (i) by making a statement to that effect on the record, during the deposition, or (ii) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, within ten (10) days after counsel for the Designating Party receives the deposition transcript, a letter or other written notice designating certain portions, or the entirety, of the transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "ATTORNEYS' EYES ONLY." The letter or other notice shall cite this Protective Order, identify the appropriate level

of confidentiality, and identify the pages and lines, and/or exhibits, to be designated as Confidential Material. Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, with the legend specified in subparagraph 5(a) above indicating the level of confidentiality claimed by the Designating Party and shall be governed by the terms of this Protective Order.

If a deposition or portion thereof is designated on the record, during the deposition, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," the deposition shall continue in the absence of all persons to whom access to Confidential Material is not permitted under this Protective Order. Copies of the portion of the transcript containing Confidential Material may be provided only to persons permitted by the other provisions of this Protective Order to receive such Confidential Material.

Each deposition transcript shall be treated as containing in its entirety "ATTORNEYS' EYES ONLY" information during the ten (10) day period after receipt of the transcript by counsel for the Designating Party during which counsel for the Designating Party may identify "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," information from the transcript.

7. ***Inadvertent Misdesignation.*** A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS EYES ONLY," or marks an item with an incorrect designation of confidentiality at the time of the production shall have three (3) business days after learning of the inadvertent failure or mistake to correct its failure or mistake. The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as Confidential Material. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy

the previously unmarked, or incorrectly marked, items and all copies thereof.

8. ***Disclosure of "Attorneys Eyes Only" Materials.*** Information and material designated as "ATTORNEYS EYES ONLY" may be disclosed only to the following persons, unless the Designating Party first otherwise agrees in writing or the Court first otherwise orders:

a. Outside counsel of record for the parties to this litigation (including appellate counsel), including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel;

b. Outside consultants or expert witnesses performing services in connection with the prosecution or defense of this litigation together with their clerical or support personnel, provided that (1) the party for whom the consultant or expert has been retained discloses the identity of the consultant or expert to the other parties seven (7) days before disclosing Confidential Material to the expert or consultant, so an opposing party may object to the disclosure of Confidential Material to the consultant or expert; and (2) each consultant or expert executes a copy of the Consent attached to this Order before receiving any Confidential Material. An opposing party may object to in writing the other party's consultant or expert only if the consultant or expert is an employee of a competitor of the objecting party. If such objection is made, the consultant or expert shall not be provided with Attorneys Eyes Only Material unless and until the party wishing to disclose the Attorneys' Eyes Only Material to the consultant or expert moves for and obtains appropriate relief from the Court;

c. The Court, Court personnel and court reporters;

d. Deposition witnesses, where at least one of the following conditions applies:

i. the witness is an employee of the Designating Party when the

disclosure is made;

ii. the attorney taking the deposition and showing the witness the Attorneys' Eyes Only Material represents the Designating Party;

iii. the witness's name appears on the Attorneys' Eyes Only Material as a person who has previously seen or received the Attorneys' Eyes Only Material;

iv. the Designating Party has consented on the record of the deposition to the showing of the Attorneys' Eyes Only Material to the witness;

v. at least ten (10) business days before the deposition, the party wishing to show the witness the Attorneys' Eyes Only Material notifies the Designating Party in writing of its intent to do so, with a specific listing of the Attorneys' Eyes Only Material to be shown, and the Designating Party fails to provide, within five (5) business days of receipt of the notice, written objection to this use of Attorneys' Eyes Only Material. If a timely written objection is provided, the Attorneys' Eyes Only Material listed in the written objection shall not be shown to the witness unless and until the party wishing to show that Attorneys' Eyes Only Material to the witness moves for and obtains appropriate relief from the Court; or

vi. the witness is otherwise authorized hereunder to receive the disclosed Attorneys' Eyes Only Material.

9. ***Disclosure of "Highly Confidential" Materials.*** Information and material designated as "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons, unless the Designating Party first otherwise agrees in writing or the Court first otherwise orders:

a. Outside counsel of record for the parties to this litigation (including appellate counsel), including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel;

b. In the case of Plaintiffs, Greg Soderberg and Adrian Sween of Apollo Corporation. In the case of Defendant, Steve Hollis, Bryan Johnson, and James Novotne. Each person receiving Attorneys Eyes Only Material under this paragraph 7(b) shall execute a copy of the Consent attached to this Order.

c. Outside consultants or expert witnesses performing services in connection with the prosecution or defense of this litigation together with their clerical or support personnel, provided that (1) the party for whom the consultant or expert has been retained discloses the identity of the consultant or expert to the other parties seven (7) days before disclosing Confidential Material to the expert or consultant, so an opposing party may object to the disclosure of Confidential Material to the consultant or expert; and (2) each consultant or expert executes a copy of the Consent attached to this Order before receiving any Confidential Material. An opposing party may object to in writing the other party's consultant or expert only if the consultant or expert is an employee of a competitor of the objecting party. If such objection is made, the consultant or expert shall not be provided with Highly Confidential Material unless and until the party wishing to disclose the Highly Confidential Material to the consultant or expert moves for and obtains appropriate relief from the Court;

d. The Court, Court personnel and court reporters;

e. Deposition witnesses, where at least one of the following conditions applies:

i. the witness is an employee of the Designating Party when the disclosure is made;

ii. the attorney taking the deposition and showing the witness the Highly Confidential Material represents the Designating Party;

iii. the witness's name appears on the Highly Confidential Material as a person who has previously seen or received the Highly Confidential Material;

iv. the Designating Party has consented on the record of the deposition to the showing of the Highly Confidential Material to the witness;

v. at least ten (10) business days before the deposition, the party wishing to show the witness the Highly Confidential Material notifies the Designating Party in writing of its intent to do so, with a specific listing of the Highly Confidential Material to be shown, and the Designating Party fails to provide, within five (5) business days of receipt of the notice, written objection to this use of Highly Confidential Material. If a timely written objection is provided, the Highly Confidential Material listed in the written objection shall not be shown to the witness unless and until the party wishing to show that Highly Confidential Material to the witness moves for and obtains appropriate relief from the Court; or

vi. the witness is otherwise authorized hereunder to receive the disclosed Highly Confidential Material.

10. ***Disclosure of Confidential Materials.*** Materials designated as "CONFIDENTIAL" may be revealed to the persons designated in section 7 above, as well as to up to three (3) representatives who are employees of any named party to the litigation, provided that the party identifies its representatives in writing before disclosing Confidential Material to them.

11. ***Use of Confidential Material by Designating Party.*** Nothing in this Protective Order limits a party's ability to show materials which that party has designated as "ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" to whomever the Designating Party may deem appropriate. Further, nothing in this Protective

Order limits a party's ability to show materials designated by another party as "ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" to representatives of that Designating Party, including any past or present officer, director, employee, or representative thereof.

12. ***Jurisdiction.*** Each person receiving Confidential Material under the terms of this Protective Order and executing a copy of the Consent hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

13. ***Protecting Confidential Materials.*** Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such material, to avoid any intentional or inadvertent use by or disclosure to persons to whom disclosure is not permitted under this Protective Order.

14. ***Challenging Designation of Materials as Confidential.*** A party may challenge the designation of Confidential Material only as follows:

a. If a party believes that material designated by another party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," has not been properly designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, that party (defined as the "Challenging Party" for purposes of this section) shall provide to the Designating Party written notice of this disagreement. The parties shall then attempt in good faith to resolve such dispute informally.

b. If the parties cannot resolve their dispute informally, the Challenging Party may request appropriate relief from the Court. Such relief may be requested by informal

applications to Magistrate Judge Nelson in accordance with Magistrate Judge Nelson's procedures for such applications. The Designating Party bears the burden to establish that the contested material is entitled to the level of confidentiality attributed to it by the Designating Party. The material involved shall be treated according to its original designation during the pendency of the challenge.

15. ***Submitting Confidential Materials to the Court.*** Confidential Material may be submitted to the Court only as follows:

a. A party who lodges or files any paper, pleading, exhibit, or other document containing Confidential Material shall state on the first page of the document containing such Confidential Material that the document contains Confidential Material and is submitted under seal. Any document that is filed in opposition or reply to any such sealed document and discusses, describes, or quotes any portion of the Confidential Material contained in the sealed document shall itself be filed under seal.

b. A party who lodges or files any document containing Confidential Material shall submit it to the Court in a sealed envelope that bears the caption of this case and the following legend:

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. THIS ENVELOPE IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED, COPIED, OR REVEALED, EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES.**

16. ***Conclusion of Litigation.*** All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed in writing by all the parties or ordered by the Court. Upon conclusion of the litigation, including the running of any time to appeal or to move for relief under Fed. R. Civ. P. 60(b)(1)-(3), a party in possession of Confidential Material, other than that

which is contained in attorney notes, pleadings, correspondence, and deposition transcripts, shall either (a) return such documents, no later than 30 days after conclusion of this action, to counsel for the party or non-party who provided such information, or, upon consent of the Designating Party, (b) destroy the documents within that time period and certify in writing within that time period that the documents have been destroyed.

17. ***Use of Confidential Material During Court Proceedings.*** If any Confidential Material is used in any pretrial proceeding in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the Confidential Material shall not lose its status as Confidential Material through such use. The parties shall take all steps reasonably necessary to protect the confidentiality of the Confidential Material during any such use, including, but not limited to, requesting *in camera* or closed proceedings. The terms of this Protective Order do not apply to the use of documents at trial.

18. ***Improper Disclosure of Confidential Materials.*** If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately require each unauthorized person to return all Confidential Material that was improperly disclosed to that person, all copies made of the improperly disclosed Confidential Material, and all documents containing excerpts from or references to the

improperly disclosed Confidential Material.

19. ***No Admissions.*** Compliance with this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

20. ***Modification of Protective Order.*** Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary. If such an application is made, all signatories of copies of the

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Consent, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

SO STIPULATED:

Dated this 30th day of April, 2002

MERCHANT & GOULD P.C.

By: ______________________
Jeffer Ali (#247947)
Merchant & Gould, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

**ATTORNEYS FOR PLAINTIFF APOLLO CORPORATION**

Dated this 22 day of April, 2003

MASTERCARE PATIENT EQUIPMENT, INC.

By: ______________________
Gerald M. Kraai, Esq.
Kent Erickson, Esq.
Shugart, Thompson & Kilroy
120 West 12th Street
Kansas City, MO 64105
Telephone: (816) 421-3355
Facsimile: (816) 374-0509

John D. Sear, Esq.
Bowman & Brooke LLP
2600 Fifth Street Towers
150 South Fifth Street
Minneapolis, Minnesota 55402

**ATTORNEYS FOR DEFENDANT MASTERCARE PATIENT EQUIPMENT, INC.**

IT IS SO ORDERED:

Dated:____________________

Susan Richard Nelson
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| APOLLO CORPORATION,<br>a Minnesota Corporation<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARE PATIENT<br>EQUIPMENT, INC.,<br>a Nebraska Corporation<br><br>Defendant. | ) | Civil Action No. 02-390(DWF/SRN) |

**CONSENT TO BE BOUND BY SECOND AMENDED PROTECTIVE ORDER**

I, ________________________ declare:

1. My address is ___________________________________. My present occupation is _______________________________________.

2. I have received a copy of the amended protective order in this action. I have carefully read and understand the provisions of the amended protective order.

3. I will comply with all of the provisions of the amended protective order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the protective order, and will not copy or use except for purposes of this action, any Confidential Material which I receive in this action. I understand that any unauthorized use or disclosure of the Confidential Material I receive constitutes a violation of this Protective Order which may be redressed by an appropriate remedy, including, but not limited to contempt of court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this ____ day of ___________, 2003, at _____________.

_____________________________________

MAY 0 1 2003

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

### *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

### ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.